UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL DE JESUS NUNEZ-GALINDO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-00837 CKD<br><br>ORDER |

Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $20,000 for 20.25 hours of professional time devoted to the representation of plaintiff before this court. Counsel concedes that this amount should be offset in the amount of $3,600.00 for fees previously awarded under EAJA.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of

1

the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

On April 25, 2016, plaintiff agreed to pay counsel up to 25 percent of any past-due benefits award. (ECF No. 27-1.) On February 13, 2017, after plaintiff filed a motion for summary judgment, the undersigned approved the parties' stipulation to remand this action for further administrative proceedings. (ECF No. 23.) On remand, an administrative law judge found plaintiff disabled as of September 2, 2009 and awarded past due Title II benefits. (ECF No. 27-3.) The November 13, 2018 Notice of Award indicated that the Commissioner withheld $26,491.75 for attorney fees, or 25 percent of the $105,967.00 award of past-due benefits. (Id.)

Counsel seeks fees for 20.25 hours.  Based on the quality of counsel's representation and the results achieved in this case, the undersigned finds the number of hours expended to be reasonable.  The hourly rate of $1,173.02 is also reasonable under the circumstances.  See Knowles v. Berryhill, 2019 WL 142275, *3 (E.D. Cal., Jan. 9, 2019) (collecting cases approving social security attorney's fees exceeding $1,000 per hour pursuant to contingency agreements). Accordingly, the undersigned will award the amount of attorney fees requested.

Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded $20,000.00 in attorney fees pursuant to 28 U.S.C. § 406, to be offset in the amount of $3,600.00 previously awarded under EAJA.

Dated:  January 22, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/nunez-galindo0837.fee-406(a)